

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00434-CR

———————————————————

PAUL EDWARD HICKS, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 8
Tarrant County, Texas
Trial Court No. 1528063

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Paul Edward Hicks appeals from his misdemeanor conviction for criminal trespass and thirty-day sentence. In a sole issue, he argues that the trial court erred by failing to sua sponte charge the jury on the defensive issue of mistake of fact. Because Hicks did not request such an instruction or object to its omission and because the trial court is generally not required to sua sponte submit defensive issues to the jury, we conclude that Hicks procedurally defaulted his appellate argument.

## I. BACKGROUND

Marshall House was mowing the grass on private property located next to a convenience store. Hicks approached House, and the two began arguing about trash Hicks had seen on the grass. House repeatedly told Hicks that he was trespassing; Hicks asserted that he was on the convenience store's property. The two fought, and House called the police. Hicks was charged with criminal trespass. *See* Tex. Penal Code Ann. § 30.05(a). At trial, Hicks testified that he thought he was on the convenience store's property and admitted that he would not leave the property after House told Hicks he was on private property and asked Hicks to leave. A jury found Hicks guilty of criminal trespass, and the trial court assessed his punishment at thirty days' confinement. *See id.* §§ 12.22, 30.05(d)(1).

On appeal, Hicks contends that the trial court erred by failing to sua sponte charge the jury on mistake of fact, which had been raised by the evidence at trial. *See id.* § 8.02. Hicks concedes that he did not request the submission of this defensive

issue but argues that the absence of the instruction was egregiously harmful, entitling him to a new trial.

## II. SUBMISSION OF UNREQUESTED DEFENSIVE ISSUE

An omission from the jury charge that draws no objection or inclusion request is not reversible error unless any harm arising from the omission is egregious. *See Gibson v. State*, 726 S.W.2d 129, 131 (Tex. Crim. App. 1987) (op. on reh'g). Before determining if Hicks was egregiously harmed, however, we are required to first ask whether it was error for the trial court to fail to sua sponte instruct the jury on the defensive issue. *See Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010). Unless a particular statute places a sua sponte duty on the trial court to give such an instruction, the trial court generally need not do so because an unrequested defensive issue is not "the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14; *see Vega v. State*, 394 S.W.3d 514, 518–19 (Tex. Crim. App. 2013); *Oursbourn v. State*, 259 S.W.3d 159, 179–80 (Tex. Crim. App. 2008). If a defensive issue is not statutorily required to be given sua sponte, a defendant must either object to its omission or affirmatively request its submission; a failure to do either procedurally defaults any alleged error on appeal. When presented with procedural default surrounding the omission of a nonmandatory defensive issue, we do not engage in an egregious-harm review. *See Vega*, 394 S.W.3d at 519; *Posey v. State*, 966 S.W.2d 57, 61–62 (Tex. Crim. App. 1998); *see also* Tex. R. App. P. 33.1.

Hicks does not assert that a rule or statute required the sua sponte submission of mistake of fact. Indeed, mistake of fact is a traditional defense that must be brought to the trial court's attention to preserve the issue for our review. *See Posey*, 966 S.W.2d at 59–60, 62; *Bridwell v. State*, 761 S.W.2d 401, 406–07 (Tex. App.—Dallas 1988), *aff'd on other grounds*, 804 S.W.2d 900 (Tex. Crim. App. 1991). The trial court, therefore, did not err by failing to sua sponte give the unrequested defensive instruction. *See Thompson v. State*, 236 S.W.3d 787, 800 (Tex. Crim. App. 2007); *Hester v. State*, No. 02-18-00448-CR, 2020 WL 479286, at *7 (Tex. App.—Fort Worth Jan. 30, 2020, pet. ref'd) (mem. op., not designated for publication); *Gandy v. State*, 222 S.W.3d 525, 531–32 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Hicks's assertion of egregious error was not preserved for our review. *See* Tex. Code Crim. Proc. Ann. art. 36.14; *Mays v. State*, 318 S.W.3d 368, 382–83 (Tex. Crim. App. 2010) (citing *Posey*, 966 S.W.2d at 62); *Hester*, 2020 WL 479286, at *6. We overrule his sole appellate issue.

## III. CONCLUSION

Hicks failed to object to the absence of a mistake-of-fact instruction in the jury charge or request its inclusion. Accordingly, mistake of fact was not the law applicable to the case, and the trial court was not required to sua sponte instruct the jury on the defensive issue. Thus, Hicks procedurally defaulted his egregious-harm allegation. We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 28, 2021